IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAULINE LESTER-WASHINGTON, )
)
    Plaintiff, )
)
vs. ) Case No. 11-CV-0568-MJR
)
WAL-MART STORES, INC., and )
DAVID W. ROPER, )
)
    Defendants. )

MEMORANDUM and ORDER

REAGAN, District Judge:

    A.    Factual and Procedural Background

In May 2011, Pauline Lester-Washington filed suit in the Circuit Court of St. Clair County, Illinois against Wal-Mart Stores, Inc., and David W. Roper. Lester-Washington claimed that she was injured when she was caused to fall where Defendants failed to clean up a broken bottle and its contents in the liquor aisle at the store. She claimed that her injuries proximately resulted from Defendants' negligence (e.g., failure to inspect, failure to warn, etc.). The state court complaint sought damages over $50,000 on each of two counts.

Served with the complaint on June 8, 2011, Defendants timely removed the action to this United States District Court on June 29, 2011, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. Section 1332 supplies jurisdiction if the lawsuit is between "citizens of different States" and the amount in controversy is over $75,000, exclusive of interest and costs. ***Hukic v. Aurora Loan Services***, **588 F.3d 420, 427 (7th Cir. 2009),** *citing* **28 U.S.C. 1332.** The parties do not

1

dispute that the amount in controversy is satisfied, and the Court finds that the jurisdictional minimum is met. However, Defendants dispute the presence of complete diversity of citizenship, and the record does not establish that this requirement is met.

In Defendants' removal notice, they alleged that Lester-Washington is an Illinois citizen and that Wal-Mart is a citizen of Delaware, its state of incorporation, and Arkansas, the location of its principal place of business. Like Lester-Washington, Roper is a citizen of Illinois, which, if correct, would defeat complete diversity, but Defendants assert that Roper was fraudulently joined for this very purpose.

Defendant Roper moves to dismiss or, in the alternative, for summary judgment on Count 2, the sole Count against him, asserting that he was no longer the manager of the store at the time of Lester-Washington's fall, had no involvement in the incident and is improperly named as a defendant in this lawsuit (Docs. 5, 6). Lester-Washington contends that Roper is properly joined and moves for remand of the case for lack of subject matter jurisdiction (Doc. 18). Essentially, the motions address the same issue, and the Court's decision on either is a decision on both. Or, as the United States Supreme Court framed the issue, "dismiss[ing] the party whose citizenship was alleged to supply the requisite diversity, finding that party's joinder improper," will result in the case being remanded for lack of jurisdiction. ***Osborn v. Haley*, 549 U.S. 225, 266 (2007) (citations omitted)**.

B.  Analysis

Where diversity of citizenship is not complete, a federal court may disregard the citizenship of a diversity-defeating defendant on removal when that defendant has been fraudulently joined, that is, "there is no possibility that a plaintiff can state a cause of

action against [the] nondiverse defendant … in state court, or where there has been outright fraud in [the] plaintiff's pleading of jurisdictional facts." ***Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994); *Smith v. Merck & Co.,* 472 F.Supp.2d 1096, 1098 (S.D.Ill. 2007)**. A defendant seeking removal based on alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against a diversity-defeating defendant in a state court. ***Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992)**.

Once the question of lack of jurisdiction is raised by a party, the opposing party must be given an opportunity to be heard before dismissal is ordered. ***Frey v. E.P.A.,* 270 F.3d 1129, 1132 (7th Cir. 2001) (the district court should allow amendment of the complaint, argument on the jurisdictional issue, or an opportunity for discovery to establish jurisdiction)**. While the United States Court of Appeals for the Seventh Circuit did not suggest that a district court must "conduct an inquest on jurisdiction," it reasoned that if certain facts "fairly shriek that there is no federal jurisdiction, the district judge must conduct whatever supplementary factual proceedings are necessary to resolve the doubt." ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**.

Roper's motion to dismiss is a factual attack upon the jurisdictional allegations of the complaint. In deciding this motion, the Court may review any evidence submitted on the issue, such as affidavits and deposition testimony, in order to determine whether it has the power to hear the case. ***Western Transp. Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982) (citations omitted);** *Parkside*

***Medical Services Corp. v. Lincoln West Hosp., Inc.*, 1989 WL 75430, at \*1 (N.D.Ill. 1989),** *quoting* ***Majd–Pour v. Georgianna Comm. Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir. 1984) ("*reasonable* discovery for purposes of demonstrating that jurisdiction does exist should be allowed, and ... failure to permit such discovery would be treated as reversible error") (emphasis added in *Parkside*).** Defendants, as the parties alleging federal jurisdiction, must support their allegations with competent proof of jurisdictional facts. ***Western Transp.,* 695 F.2d at 1038 (citations omitted)**.

Consistent with these principles, the Court will allow discovery to resolve the jurisdictional issue. Questions that should be addressed are raised in Lester-Washington's memorandum of law, Doc. 17, p. 4, and may be expanded upon as discovery dictates. Among the questions relevant to this Court's determination are (1) whether Roper acted outside the scope of his employment and implemented improper procedures prior to his departure which remained in effect and which were contrary to Wal-Mart policies and (2) whether the aisle where the injury occurred had similar problems prior to the date in question, and Roper made decisions on proper and adequate inspection that were negligent and that remained effective after he left his position at the store. In other words, Defendants may offer evidence to show that Roper merely effectuated Wal-Mart's policies and had no individual duty to Lester-Washington, and Lester-Washington may offer evidence to show that Roper's own acts were negligent and that he is not relieved of his duty to her. The Court will then weigh the evidence. ***United Phosphorus, Ltd. v. Angus Chemical Co.,* 322 F.3d 942, 946 (7th Cir. 2003)**.

C.  Conclusion

For the foregoing reasons, the Court **ORDERS** that the parties are permitted to pursue reasonable discovery to resolve issues fundamental to determining whether subject matter jurisdiction lies. Discovery on the merits of the case is not allowed. The parties shall file jurisdictional briefs with supporting documentation by **November 18, 2011**.

IT IS SO ORDERED.

DATED this 7th day of October, 2011

s/Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge